# United States District Court
# for the Southern District of Georgia
# Brunswick Division
FILED U.S. DISTRICT COURT
2008 JUN 16 AM 10:38
CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO.: CR298-34 |
| v. ) | |
| DARIUS WORKMAN ) | |

## ORDER

Defendant Darius Workman ("Workman"), who is currently incarcerated at the Federal Prison Camp in Atlanta, Georgia, was sentenced to 188 months' imprisonment in this Court on April 7, 1999, after he entered a plea of guilty to distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). A judgment was entered on the same date, and Workman was remanded to the custody of the Bureau of Prisons.

On March 12, 2008, an Order was entered which denied Workman any decrease in his sentence in light of a retroactively applicable change to the sentencing range. Workman filed, on April 4, 2008, a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. § 3582. This Motion was terminated by this Court's Clerk's Office on the same day. Workman filed a Notice of Appeal on April 9, 2008, appealing the March 12, 2008, Order. On May 16, 2008, the Eleventh Circuit Court of Appeals entered a mandate directing this Court to make a factual finding as to whether Workman's late filing of his appeal was the result of good

cause or excusable neglect. The Eleventh Circuit stated the record, as supplemented, should be returned to it after this Court enters an order making said determination. Magistrate Judge Graham conducted a hearing on June 10, 2008, in accordance with the Eleventh Circuit's directive, at which Amy Lee Copeland from the United States Attorney's Office and Andrew H. Lakin, Workman's court-appointed attorney, appeared. Workman, Counselor Richard Craig, and LuAnn Mowrey testified telephonically, and Nita Rose with this Court's Clerk's Office testified in person at this hearing.

The testimony elicited at this hearing reveals that Workman was served with this Court's March 12, 2008, Order; however, Mr. Lakin, Workman's attorney, was not. The date Workman received a copy of the March 12, 2008, Order is unknown because the Federal Prison Camp in Atlanta does not maintain records as to the date of the receipt of mail that does not have "Legal Mail" displayed or marked on the envelope. This Court's Clerk's Office apparently does not affix this notation on any mailings sent to incarcerated individuals. Workman testified that an envelope addressed to an inmate housed at the Atlanta Federal Prison Camp not marked as "Legal Mail" will first go to the Atlanta Penitentiary before it is delivered to the Camp, which often results in delays in the inmate receiving the mail. There is no information from the Camp as to the date Workman delivered his Notice of Appeal to prison authorities or when prison authorities mailed Workman's Notice of Appeal to this Court. The Notice of Appeal received by this Court on April 9, 2008, is dated April 8, 2008.

Ordinarily, a notice of appeal must be filed within ten (10) days after the entry of the judgment being appealed. See FED. R. APP. P. 4(b)(1). However, "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has

expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." FED. R. APP. P. 4(b)(4). Workman had until March 26, 2008[1] to file a timely notice appealing the March 12, 2008, Order; however, this Court did not receive the Notice of Appeal until April 9, 2008.

Because the Clerk's Office did not serve upon Mr. Lakin, Workman's attorney, a copy of this Court's March 12, 2008, Order and because there is no certainty as to the date on which Workman actually received that Order, there is good cause to permit Workman to pursue his appeal. Workman's Notice of Appeal falls within the thirty (30) day extension allowed under the Rules of Appellate Procedure.

The Clerk of Court is directed to remit this record to the Eleventh Circuit Court of Appeals.

**SO ORDERED**, this ___ day of June, 2008.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In computing any period of time, the day of the act is excluded, as are weekend days if the period is less than 11 working days. FED. R. APP. P. 26(a).